UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEELAWATI SANFILIPPO,**

    **Plaintiff,**

v.                                                   Case No: 8:04-CV-2079-T-27MSS

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by the Magistrate Judge (Dkt. 13), recommending that the decision of the Defendant Commissioner be reversed. Defendant has filed an objection in opposition to the Report and Recommendation (Dkt. 14).

The District Court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). This Court, having reviewed the Magistrate Judge's Report and Recommendation, independently examined the file, and after conducting a <u>de novo</u> review, adopts the Magistrate Judge's finding and recommendation that substantial evidence does not exist to support the Appeals Council's decision that Plaintiff retained the ability to perform a sufficient range of sedentary work to be gainfully employed from March 1995 through December 1999 or a light range of work thereafter.

### Legal Standard

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. 42 U.S.C.

§ 405(g). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). While the Court reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. Keeton v. Department of HHS, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991)).

### Discussion

Defendant argues that the Report and Recommendation should be rejected because the Magistrate Judge ignored her own Scheduling Order and instead conducted a de novo review of the evidence wherein she "impermissible made factual and credibility determinations . . ." (Dkt. 14, p. 3). Defendant also contends the Magistrate Judge wrongfully established a date of disability in violation of 42 U.S.C. § 423.

> **1.  The Magistrate Judge's finding that the Appeals Council's decision was not supported by substantial evidence was not wrong and her determination that Plaintiff is entitled to benefits was not improper.**

A "Secretary's factual findings are conclusive if supported by 'substantial evidence.'" Martin v. Sullivan, 894 F.2d 1520, 1259 (11th Cir. 1990) (citing 42 U.S.C. § 405(g)) (emphasis added). Therefore, the court "may not decide the facts anew, reweigh the evidence, or substitute [the court's] judgment for that of the Secretary; rather [the court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Id. (citations and internal quotations omitted). However, where the Secretary's denial of benefits is not supported by substantial evidence, the court may determine the claimant is entitled to

benefits and remand for an award of benefits. See e.g. Jones v. Sullivan, 953 F.2d 1291, 1296 (11th Cir. 1992) (reversing Secretary's denial of benefits and finding dependent is entitled to chid's insurance benefits pursuant to 42 U.S.C. § 402(d)(1)); Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991) (reversing Secretary's denial of claimant's application for disability insurance benefits, finding claimant entitled to disability benefits, and remanding for an award of benefits).

Here, the Magistrate Judge correctly concluded that the Appeals Council incorrectly relied on the records from the Mary Immaculate Hospital when determining that Plaintiff's functional capacity increased from sedentary to light as of December 1997, where the records cited were from December 10, 1999. More importantly, the record lacks evidence supporting the Appeals Council's determination that Plaintiff could stand for two hours during the day, sit for six hours, and lift up to ten pounds on a regular basis from 1995 to 1999. As the Magistrate Judge pointed out, Dr. Gupta's records from 1998 through 2000 indicate that Plaintiff's pain was aggravated by her day to day activities, she had difficulty performing day to day activities, she experienced tenderness in the paravertabral muscles bilaterally and over the sciatic area and she experienced decreased sensation in her right lower extremities. Dr. Gupta also placed limitations on Plaintiff's ability to perform activities, such as restricting her from bending lifting, siting or standing for more than one-half hour. (Tr. 146, 154). Dr. Gupta also reported several times that Plaintiff was unable to return to work due to the pain. (Tr. 130, 146, 151, 154). On June 20, 1997, Dr. Gupta reported that Plaintiff was totally disabled. (Tr. 185). At the hearing, Dr. Gupta reiterated her recommendations, stating that she had very significant limitations in her residual functional capacity, including the inability to

stand for more than half an hour, sometimes forty minutes, the inability to sit for more than forty-five minutes, the inability to pick up more than one or two pounds at a time and the need for frequent changes of position. Dr. Gupta also testified that Plaintiff was not able to return to work. (Tr. 498-499, 502).

The Appeals Council did not reject or discredit Dr. Gupta's opinions as to Plaintiff's condition, her restrictions or her inability to return to work and nothing in the record supports the Appeals Council's determination regarding Plaintiff's residual functional capacity to the contrary. "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Commissioner." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Where the treating physician's findings are not properly refuted, they are to be accepted as true. MacGregor, 786 F.2d at 1054. Accordingly, the Magistrate Judge correctly concluded that because the Appeals Committee failed to articulate any basis to reject Dr. Gupta's conclusions with respect to Plaintiff's functional capacity, Dr. Gupta's conclusion that Plaintiff was unable to perform even sedentary work through December 1999, must be accepted as true. In turn, the Magistrate Judge correctly concluded that the record establishes that Plaintiff was disabled from March 21, 1995 through December 31, 1999.

Furthermore, the accuracy of the statements attributed to Plaintiff by hospital staff concerning her activity level is not essential to a resolution of whether Plaintiff was improperly denied benefits. The Magistrate Judge correctly concluded that there was no substantial evidence to support the Appeals Council's determination that Plaintiff could stand for two hours during the day, sit for six hours and lift up to ten pounds on a regular basis from 1995

to 1999. This was the critical finding when determining whether the Appeals Council's denial should be affirmed or reversed.

Finally, Defendant's contention that the Magistrate Judge improperly "ignored her own Scheduling Order" is unpersuasive. Plaintiff's complaint determines the scope of Plaintiff's claims. The issues are framed by the pleadings, rather than the court's Scheduling Order. In the complaint, Plaintiff alleges that the Appeals Council denied her benefits and that the denial constitutes a violation of the Social Security Act. (Dkt. 1, pp. 2-3). Plaintiff requests an order finding the Defendant's denial of benefits in violation of federal law and directing Defendant to pay Plaintiff her Social Security benefits. (Dkt. 1, p. 3). Defendant was, therefore, on notice that Plaintiff sought a reversal of the Appeals Council's decision. Defendant's reliance on the Magistrate Judge's Scheduling Order is simply misplaced.

**2.     This Case Should be Remanded for an Award of Benefits Consistent with this Opinion**

Defendant contends the Magistrate Judge erred in remanding this case for an award of disability benefits "beginning March 21, 1995", arguing Plaintiff is required to exhaust a "waiting period" before receiving benefits and the Commissioner is charged with determining when the waiting period commences and terminates. (Dkt. 14, p. 6-7). Defendant relies on the following relevant portions of 42 U.S.C. § 423(a):

(a)     Disability insurance benefits
         (1) Every individual who —
               (E) is under a disability,

   shall be entitled to a disability insurance benefit (i) for each month beginning with
   the first month after his waiting period . . . in which he becomes so entitled to such
   insurance benefits . . .

42 U.S.C. § 423(a).

The Magistrate Judge correctly concluded that Plaintiff became eligible for benefits as of March 21, 1995. It appears from the Report and Recommendation that after making this determination, the Magistrate Judge remanded the case to the Commissioner so that it could make a proper award of benefits. The undersigned finds this appropriate. Nonetheless, to avoid any confusion, this case is remanded for an award of disability benefits consistent with the finding that Plaintiff became disabled as of March 21, 1995 and (if applicable) in compliance with 42 U.S.C. § 423(a). Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge is **ADOPTED**, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review. The decision of the Commissioner is **REVERSED** for the reasons stated in the Magistrate Judge's Report and Recommendation.

2. This case is **REMANDED** to the Commissioner for an award of disability benefits consistent with the findings of this order.

3. The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 30th day of September, 2005.

/s/ James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

cc: Counsel of Record
    Magistrate Judge Mary S. Scriven