## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LEELAWATI SANFILIPPO,**

    **Plaintiff,**

v.                                                           **Case No.: 8:04-cv-2079-T-27MSS**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes on for consideration of Plaintiff's request for an award of attorney's fees and costs (the "Motion") (Dkts. 22, 23, 31), Plaintiff's supporting affidavit (Dkt. 24) and the Commissioner's responses to Plaintiff's requests, including the Commissioner's Motion to Vacate Taxation of Costs (Dkts. 28, 30, 32).[1]

### I.   Background

Plaintiff commenced the underlying action against the Commissioner on September 14, 2004.  (Dkt. 1)  Plaintiff sought review of the Commissioner's decision denying Plaintiff's request for social security benefits.  On September 30, 2005, this Court reversed the decision of the Commissioner and remanded Plaintiff's case for an award of disability benefits.  (Dkt. 15)  Judgment was entered in

---

[1] The District Judge has referred this matter to the Undersigned for a Report and Recommendation pursuant to Title 28, United States Code, Section 636(b)(1)(B)-(C), Fed. R. Civ. P. 72 and Local Rules 6.01(a), (b) and 6.02(a), M.D. Fla.

Plaintiff's favor on January 4, 2006. (Dkt. 20)

Subsequently, Plaintiff filed the instant Motion requesting an award of attorney's fees for ninety-one hours of work performed by her counsel at $350 per hour for a total of $31,850.[2] However, Plaintiff failed to provide legal authority to support her request that the Court award fees to her counsel for ninety-one hours of work at $350 per hour. Plaintiff also requested that costs in the amount of $360 be awarded to her counsel. The Clerk taxed Plaintiff's costs of $360 and included them in the judgment. (Dkt. 29) Plaintiff's counsel's time sheet and bill of costs were filed contemporaneously with the Motion. (Dkts. 23,24)

Thereafter, Plaintiff filed a memorandum of law in support of her Motion requesting fees under both 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2412 (d), (the "EAJA"). (Dkt. 31) In the memorandum, Plaintiff seeks attorney's fees under 42 U.S.C. § 406(b) in the amount of $31,460 for work performed in this Court. On January 23, 2007, the Social Security Administration (the "SSA") awarded $16,500 in attorney's fees to Plaintiff for work her attorney performed at the administrative level (Dkt. 31 at 7). See 42 U.S.C. § 406(a) (2007).[3]

---

[2]Plaintiff initially filed the motion for fees prior to judgment being entered. The Court deferred ruling on the motion and Plaintiff was granted leave to re-file. (Dkts. 17, 21)

[3]As articulated by the Supreme Court in Gisbrecht v. Barnhart,"[t]he statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." 535 U.S. 789, 794 (2002).

Plaintiff also seeks fees under the EAJA for $20,706, i.e., for one hundred nineteen hours of work at a rate of $174 per hour adjusted to address the cost of living in New York. The one hundred nineteen hours includes the ninety-one hours requested previously plus twenty-eight additional hours of work performed by her counsel. While Plaintiff concedes the twenty-eight additional hours were spent performing work at the administrative level, Plaintiff contends the hours were accrued after the need for civil action arose. Thus, Plaintiff contends these hours are compensable court hours under the EAJA.

The Commissioner does not oppose the award of fees. The Commissioner does oppose the amount of fees requested under both 42 U.S.C. § 406(b) and the EAJA. The Commissioner contends Plaintiff should not be awarded the full amount of fees requested under Section 406(b) because her fee petition was untimely, there was no contingency fee agreement between Plaintiff and her counsel, and the amount requested is excessive and duplicative of the amount requested under the EAJA. Further, the Commissioner contends the additional twenty-eight hours identified in Plaintiff's memorandum are not compensable under Section 406(b).

With respect to Plaintiff's request for fees pursuant to the EAJA, the Commissioner objects to compensation for the number of hours Plaintiff's counsel spent: (1) gaining permission to appear *pro hac vice*, designating local counsel, and familiarizing himself with the Local Rules (fourteen hours); (2) performing clerical tasks (5.5 hours); (3) drafting, preparing and serving the summons and complaint for

3

Plaintiff's case (twelve hours); (4) researching and drafting Plaintiff's brief (thirty-four hours); (5) correcting his errors of judgment (4.5 hours); (6) performing administrative tasks after the Court had reached a decision (7.5 hours); (7) reviewing the Scheduling Order, Report and Recommendation, Order, Judgment and other routine documents (eight hours); and, (8) preparing the instant Motion (three hours).[4] The Commissioner objects to the hourly rate of Plaintiff's counsel because he contends it is contrary to the EAJA. The Commissioner also objects to Plaintiff's counsel's use of half-hour increments in his billing system. In light of previous attorney's fees awarded by the Court on social security appeals, the Commissioner contends fees in this case should instead be awarded for fifteen to nineteen hours of work at a reduced rate to reflect the Tampa, Florida legal market.

## II.   Discussion

As an initial matter, the Court recognizes that, in proper circumstances, a plaintiff may request and be awarded fees under both the EAJA and Section 406(b). However, an award of fees under the EAJA offsets an award of fees under Section 406(b). Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)(stating that "[f]ee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). In such cases, a plaintiff's counsel

---

[4]A review of the Commissioner's memorandum in opposition to the fee request shows he objects to Plaintiff's counsel receiving compensation for certain tasks on several distinct grounds. The Court will consider the objections as asserted, however, the time spent on any given task will be considered once for the purpose of making any necessary deductions to Plaintiff's counsel's time.

4

may only recover the greater of the two fee awards requested. That is, counsel's total fees may not exceed 25% of the plaintiff's past-due benefits.[5]   Id. at 806 (Section 406(b) "governs the total fee a claimant's attorney may receive for court representation").   The smaller award must be refunded to the plaintiff.   Id.; Van Doorn v. Chater, No. 95-1444-CIV-T-17C, 1996 WL 567172, *2 (M.D. Fla. Sept. 27, 1996)

## A.   Plaintiff's Request for Fees Pursuant to 42 U.S.C. § 406(b).

Under 42 U.S.C. § 406(b), where the court has rendered a judgment favorable to a disability claimant, upon a proper showing, the claimant's counsel may receive a reasonable fee for services performed before the court in an amount that may not exceed 25% of the total of the claimant's past-due benefits.  42 U.S.C. § 406(b); see also Gisbrecht, 535 U.S. at 795.  The fees awarded are payable out of the claimant's recovery of past-due benefits and are typically based upon a pre-negotiated contingency fee agreement between the claimant and counsel.[6]   Id. at 802.  Thus,

_____

[5]According to the Commissioner, in this case Plaintiff received an award of $124,755 in past-due benefits from the SSA.  (Dkt. 32) Thus, the most Plaintiff's counsel may recover is $31,188.75 - 25% of Plaintiff's past-due benefits.

[6]In New York, upon beginning the attorney-client relationship "it is desirable that a clear agreement be reached with the client as to the basis of the fee charges to be made. . . . It is usually beneficial to reduce to writing the understanding of the parties regarding the fee, particularly when it is contingent."  N.Y. Code of Prof'l Responsibility EC 2-19 (2007).  In contingent fee matters, New York attorneys are required to "provide the client with a writing stating the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal."  N.Y. Code of Prof'l Responsibility DR-2-106(D) (2007).  In Florida, a contingent fee agreement "shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall

5

in assessing fees under Section 406(b), a court must first consider the contingency
fee agreement between the claimant and claimant's attorney and determine whether
it results in a reasonable fee based on a variety of factors, including the character
of the representation and the results achieved for the claimant. Id. at 808.

In this case, the analysis under Section 406(b) terminates at its inception. The
record does not include a contingency fee agreement between Plaintiff and her
counsel. Plaintiff's counsel has supplied a fee petition signed by Plaintiff that was
submitted to the SSA in connection with counsel's request that the SSA approve
$31,375 in fees for work he performed at the administrative level. (Dkt. 31 at 12)
Plaintiff's counsel apparently contends this petition satisfies the contingent fee
agreement requirement and, in fact, indicates Plaintiff's consent to an award of
Section 406(b) fees in excess of 25% of her past-due benefits, i.e., $31,188.75,
because it purports to authorize the SSA to award administrative attorney's fees up
to $31,375.[7] However, this petition is not a contingency fee agreement. It was
signed by Plaintiff after her July 3, 2006, award of benefits. (Dkt. 31 at 8) Further,
the agreement relates only to fees Plaintiff's counsel requested for work performed
at the administrative level, or those awarded pursuant to 42 U.S.C. § 406(a). It does
not govern the award of fees for work performed in this Court. See Gisbrecht, 535

_____

accrue to the lawyer in the event of settlement, trial, or appeal." Fla. Rules of
Professional Conduct 4-1.5(f)(1) (2007).

[7]Curiously, in the petition Plaintiff simultaneously preserved her right to "disagree
with the amount of the fee requested." (Dkt. 31 at 12)

6

U.S. at 794 ("[t]he statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.").

The issue, therefore, is whether fees can be awarded under Section 406(b) in the absence of a contingency fee agreement.  The Commissioner contends application of the traditional "lodestar" approach is warranted to determine the appropriateness of fees under Section 406(b) in the absence of a contingency fee agreement.  See Meade v. Barnhart, 218 F. Supp. 2d 811, 812-13 (W.D. Va. 2002) (stating that the lodestar approach applies when no contingency fee agreement controls the award of fees under Section 406(b)).  While the Supreme Court in Gisbrecht did not address squarely the issue presented here, it did note a distinction between statutes applying the lodestar approach, like the EAJA, and statutes "of another genre," like 42 U.S.C. § 406(b).  535 U.S. at 801-02.

In Gisbrecht, the Court addressed the issue of whether the contingency fee agreement that existed in that case and permitted an award of fees not in excess of 25% or the lodestar method was the "appropriate starting point for judicial determinations of a reasonable fee for [representation before the court]," or, stated differently, whether Section 406(b) displaced contingency fee agreements.[8]  535 U.S. at 793.  The Court reviewed the statutory language of Section 406(b) and found

_____

[8]Attorney's fees under the "lodestar" method are calculated by multiplying the reasonable number of hours expended on litigation by a reasonable hourly rate.

7

that the plain language of the statute "could be construed" to allow either the lodestar approach or a contingency fee agreement to control. Id. at 799. After stating that a reasonable fee "could be measured by a lodestar calculation" based on the statute's "inconclusive text," the Court went on to review the legislative history of the statute and the history of both approaches. Id. at 800. The Court concluded that the starting point under Section 406(b) was a consideration by the reviewing court of the reasonableness of the governing contingency fee agreement. Id. at 807-08.

The Court noted that the lodestar method, which gained prominence in 1974, is the appropriate starting point when determining the reasonableness of fees under fee-shifting statutes like the EAJA that authorize prevailing party fees recoverable from the losing party. Id. The Court noted that 42 U.S.C. § 406(b), which was enacted in 1965, was different from a typical fee-shifting statute because it authorized fees to the prevailing party's attorney payable from the successful party's recovery. Id. at 802. "Characteristically in cases [such as these], attorneys and clients enter into contingent-fee agreements 'specifying that the fee will be 25 percent of any past-due benefits to which the claimant becomes entitled.'" Id. at 803. The Court further noted that it was

unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later. Furthermore, we again emphasize, the lodestar method was designed to govern imposition of fees on the losing party. . . . In such cases, nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client. . . . By

8

> contrast, § 406(b) governs the total fee a claimant's attorney may receive for court representation; any endeavor by the claimant's attorney to gain more than that fee, *or to charge the claimant a noncontingent fee*, is a criminal offense.

Id. at 806-07 (emphasis added).

Based on the clear distinction made by the Court between fee-shifting statutes, which apply the lodestar approach, and 42 U.S.C. § 406(b), the Undersigned finds it inappropriate to apply the lodestar method to this Section 406(b) fee determination. Thus, in the absence of a contingency fee agreement, the Court declines to award fees as a percentage of recovery under Section 406(b).[9]  See Wallace v. Barnhart, No. C01-4108-MWB, 2004 WL 883447, *4 (N.D. Iowa Apr. 22, 2004) (stating that, in light of Gisbrecht, "[t]he 'lodestar' method is no longer to be applied to [Section] 406(b) attorney fees applications.  Though courts will consider many factors when testing the reasonableness of the contingency-fee agreement, the courts should consider the existence of a contingency agreement first and foremost since it manifests the attorney's willingness to take the case despite the risk of never being paid and the plaintiff's agreement to such terms.").

---

[9]In reaching this conclusion, the Undersigned does not decide the issue raised by the Commissioner that Plaintiff's request for Section 406(b) fees was untimely under Fed. R. Civ. P. 54(d)(2)(B).  Judgment was entered in this case on January 4, 2006.  Plaintiff filed her request for fees on January 17, 2006.  While the Motion appeared to be a motion for fees pursuant to the EAJA (the Court considered it to be a motion for fees under the EAJA and the Commissioner responded under that assumption), the Motion did not state whether fees were being sought under the EAJA or Section 406(b).

### B.   Plaintiff's Request for Fees Pursuant to the EAJA.

Under the EAJA, the Court "shall award to a prevailing party . . . fees and

other expenses, in addition to any costs . . . incurred by that party in any civil action."

28 U.S.C. § 2412(d)(1)(A) (2007).   Fees and other expenses include "reasonable

attorney fees" not in excess of $125 per hour "unless the court determines that an

increase in the cost of living or special factor, such as limited availability of qualified

attorneys for the proceedings involved, justifies a higher fee."   28 U.S.C. §

2412(d)(2)(A). Prior to awarding fees under the EAJA, the Court must determine the

appropriate hourly rate and the reasonable number of hours to be compensated.

Gates v. Barnhart, 325 F. Supp. 2d 1342, 1344 (M.D.Fla. 2002).

The Court should consider the following twelve factors when determining the

reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty

of the questions involved; (3) the skill required to perform the legal services properly;

(4) the preclusion of other employment due to acceptance of the case; (5) the

customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations

imposed by the client or other circumstances; (8) the amount involved and the

results obtained; (9) the experience, reputation and ability of the attorneys; (10) the

undesirability of the case; (11) the nature and length of the professional relationship

with the client; and (12) awards in similar cases.   F.T.C. v. Peoples Credit First, LLC,

No. 8:03-cv-2353-T-TBM, 2006 WL 1639948, at *2 (M.D. Fla. June 9, 2006).

With respect to the appropriate hourly rate, the Court has discretion to depart

10

from the presumptive $125 per hour statutory cap to reflect some special factor or
an increase in the cost of living. Stewart v. Sullivan, 810 F. Supp. 1102, 1107
(D.Haw.1993). An increase in the cap because of a special factor is justified only
when the work performed by the attorney required "specialized skills or knowledge
beyond what lawyers use on a regular basis." Role Models America, Inc. v.
Brownlee, 353 F.3d 962, 969 (D.C. Cir. 2004). When an increase in the cap is
based on an increase in the cost of living, the Court must inquire into the prevailing
market rate for the kind and quality of services performed. Thompson v. Sec'y of
Health and Human Serv., 790 F. Supp. 753, 756 (E.D.Wis.1993). The prevailing
market rate is the rate "in the relevant legal community for similar services by
lawyers of reasonably comparable skills, experience and reputation." Norman v.
Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Even if
an increase in the statutory hourly rate is warranted, the Court may not raise the rate
above the prevailing market rate. Id.

Additionally, the party requesting fees "bears the burden of establishing the
appropriate [number of] hours to be compensated." Norman, 836 F.2d at 1348. Any
hours that are "excessive, redundant, or otherwise unnecessary, i.e., hours that
would be unreasonable to bill a client" must be excluded by the Court. Id. (quoting
ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). Whether the number
of hours expended on a case is reasonable is determined by "the profession's
judgment of the time that may be consciously billed and not the least time in which

11

it might theoretically have been done." Norman, 836 F.2d at 1306.  Further, hours spent performing clerical tasks and correcting one's own errors are not compensable.  See Mobley v. Apfel, 104 F. Supp. 2d 1357,1360 (M.D.Fla. 2000) (holding that hours spent filing complaint, receiving return of service, conferring with co-counsel to correct one's own error and sending letters to the clerk were not compensable under the EAJA at any rate).

Here, Plaintiff's counsel states that he has represented Plaintiff for over ten years, handling her social security case before the SSA and before this Court.  He requests $20,706 in attorney's fees for one hundred nineteen hours of work on Plaintiff's appeal to this Court at a rate of $174 per hour in light of the cost of living in New York.  Plaintiff has failed to demonstrate that his services were unique and that out of area counsel was required to pursue Plaintiff's appeal.  However, the Court conceives of some benefit to counsel's continuing representation of Plaintiff over a broad span of time.  Further, the rate requested is not far out of line from the recovery the Court has approved for counsel in the prevailing Tampa, Florida market. As such, the Court declines to reduce the hourly rate requested by Plaintiff.

With respect to the hours claimed, however, the Court agrees with the Commissioner that the hours requested are excessive.  A review of Plaintiff's counsel's submission shows he is requesting compensation for work done to correct his errors (two hours)[10], work completed at the administrative level for which he has

---

[10]11/5/05, 12/9/05, 1/11/06, 1/14/06.

been compensated by the SSA (twenty-nine hours)[11] and work done to gain permission to appear *pro hac vice* before this Court (fourteen hours)[12]. These hours are not compensable under the EAJA. See Mobley, 104 F. Supp. 2d at 1360; Role Models America, Inc., 353 F.3d at 973 (*pro hac vice*). Therefore, these hours are eliminated from Plaintiff's request.[13]

Additionally, Plaintiff has requested to be compensated twice for approximately six hours of work. These entries are included on Plaintiff's counsel's original time sheet (Dkt. 24) and on the time sheet submitted with the memorandum of law (Dkt. 31). The duplicative entries are dated 6/8/04, 10/14/05, 11/21/05, 12/8/05, 1/6/06 and 1/9/06. Five of the abovementioned entries are eliminated because they include time Plaintiff's counsel spent performing administrative tasks.

---

[11]6/4/04, 6/23/04 (0.5 hours), 7/2/04, 7/14/04, 10/14/05, 11/21/05, 11/22/05, 12/8/05, 12/14/05, 1/6/06, 1/9/06, 7/3/06-12/7/06. There are inconsistencies on the time sheets with respect to the entries for 10/14/05, 12/8/05 and 1/6/06. Specifically, on the original time sheet Plaintiff's counsel requested compensation for four hours of work on these dates. On the time sheet submitted with the memorandum, Plaintiff's counsel has requested compensation for 3.5 hours of work on these dates. For the purpose of calculating Plaintiff's counsel's hours, the Court will consider the hours on Plaintiff's counsel's original time sheet to reflect the accurate time, i.e., Plaintiff's counsel's new time sheet reflects 28.5 hours of work instead of twenty-eight.

[12]6/23/04 (one hour), 6/24/04, 9/8/04 (1.5 hours), 9/14/04, 9/15/04, 9/22/04, 9/23/04 (two hours), 10/1/04 (2.5 hours), 10/16/04, 1/28/05 (0.5 hours), 9/19/05 (one hour), 11/8/05. The Commissioner objects to the 0.5 hours Plaintiff's counsel spent on 10/10/04 reviewing the Court's order granting Plaintiff's counsel's request to appear *pro hac vice* (Dkt. 7). While the Court agrees that 0.5 hours is excessive to review a four sentence order, the Court will permit Plaintiff's counsel to recover fees for reviewing the order. Plaintiff's counsel's hours will be reduced *in toto* as discussed *infra*.

[13]119.5 total hours requested - 2 hours correcting errors - 29 administrative hours -14 *pro hac vice* hours = 74.5 hours

The Court will consider only once the remaining entry, 6/8/04 (0.5 hours - call to client on starting court case/phone call to claimant on status and action taken).[14]

The Court also makes the following reductions to time Plaintiff's counsel incurred: (1) drafting the summons and complaint in this case and related entries - five hours (reduced by six hours); and, (2) researching and drafting the memorandum of law - twenty hours (reduced by fourteen hours).[15] Upon cursory review of the memorandum submitted by Plaintiff in support of her request for benefits, it is apparent that its quality does not reflect the time claimed to have been invested in its preparation. It is rife with typographical and grammatical errors. It contains conjecture and hyperbolic editorializations that have no place in a legal memorandum. More importantly, the opposition memorandum submitted by Plaintiff's counsel was addressed to the wrong decision, was virtually devoid of citations to legal authorities and stated only in passing the central legal issue that resulted in the reversal and remand ultimately ordered by the Court.

Further, Plaintiff's counsel has recorded his time in half-hour increments. The Court finds this practice to be unacceptable and will therefore reduce the total number of hours charged by Plaintiff's counsel by 15%. See George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1292-93 (M.D. Fla. 2000) (reducing the

---

[14]74.5 - 6 duplicative hours = 68.5 hours

[15]68.5 - 6 hours drafting complaint/summons - 14 hours researching and drafting memorandum = 48.5 hours

14

hours plaintiff's counsel sought under the fee-shifting provision of 42 U.S.C. §§ 1981a and 1988 by 30% when counsel billed primarily in half-hour increments). Plaintiff's counsel's hours are therefore reduced to 41.225 hours.[16]  Plaintiff shall be awarded fees of $7,173.15 for 41.225 hours of work performed in this Court at a rate of $174 per hour.

### C.    Plaintiff's Request for Costs.

Finally, the Commissioner objects to Plaintiff's request for $360 in costs.  The Commissioner asks the Court to vacate the taxation of Plaintiff's costs. (Dkts. 29,30) Consistent with 28 U.S.C. § 1920, which governs the taxation of costs, the Court finds Plaintiff's request to be excessive in that she is seeking reimbursement for costs not expressly authorized by statute.   Specifically, Plaintiff is seeking reimbursement of her counsel's special admission fee ($10), delivery and mailing charges ($100), copying ($50) and telephone charges ($50).  In her request for reimbursement of  "copying" costs, Plaintiff does not state whether these copies were "necessarily obtained for use in the case" as required for reimbursement under the statute.  28 U.S.C. § 1920(4) (2007).  Further, while service of process fees are reimbursable, Plaintiff's general request for "delivery and mailing" charges is also unsubstantiated.  As such, the Court awards Plaintiff her total costs of $150 (filing fee).

---

[16]48.5 hours - 48.5(0.15) = 41.225 hours

15

## III.    Conclusion

Accordingly, the Undersigned **REPORTS** and **RECOMMENDED** that Plaintiff's Motion (Dkts. 22, 23) be **GRANTED in part** and **DENIED in part**. The Undersigned further **REPORTS** and **RECOMMENDS** that the Commissioner's Motion to Vacate Taxation of Costs (Dkt. 30) be **GRANTED**. Consistent with the foregoing, the Undersigned **REPORTS** and **RECOMMENDS** that Plaintiff be awarded fees of $7,173.15 for 41.225 hours of work performed in this Court at a rate of $174 per hour and costs in the amount of $150.

Respectfully **RECOMMENDED** in Tampa, Florida on this 10th day of September 2007.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

16

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this Report within ten days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies furnished to:

Presiding District Judge
Counsel of Record