UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEELAWATI SANFILIPPO,**

**Plaintiff,**

v.                                          **Case No: 8:04-CV-2079-T-27MSS**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**
_____/

## **ORDER**

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge (Dkt. 33) on Plaintiff's request for an award of attorney's fees and costs (Dkt. 22) and the Commissioner's Motion to Vacate Taxation of Costs (Dkt. 30). Plaintiff has filed objections to the Report and Recommendation (Dkt. 34), and the Commissioner has filed a response (Dkt. 37).

### *Background*

As set forth in the Report and Recommendation, Plaintiff filed this action seeking review of the Commissioner's denial of her request for social security benefits, which was reversed and remanded for an award of disability benefits on September 30, 2005. (Dkt. 15). Judgment was entered against the Commissioner on January 4, 2006. (Dkt. 20). According to the Social Security Administration, following remand, Plaintiff received an award of $124,755 in past-due disability benefits. (Dkt. 32). Plaintiff moves for an award of attorney's fees, claiming entitlement pursuant

1

to 42 U.S.C. § 406(b) as well as the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1]

## Standard of Review

The district court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

## Discussion

Plaintiff requests an award of fees pursuant to 42 U.S.C. § 406(b) and the EAJA. "Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Grisbrecht v. Barnhart*, 535 U.S. 789, 786 (2002) (citations omitted). The Commissioner does not oppose an award of fees under the EAJA, but contends that the amount of fees requested is unreasonable. The Commissioner opposes an award of fees pursuant § 406(b), arguing that Plaintiff's request for fees is untimely, there was no contingency fee agreement between Plaintiff and her counsel, and the amount of fees requested is unreasonable.

In the Report and Recommendation (Dkt. 33), the Magistrate Judge found that Plaintiff was not entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b) due to the lack of a

---

[1] 42 U.S.C. § 406(b)(1)(A) authorizes the court to "determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." Twenty-five percent of Plaintiff's past-due benefits is $31,188.75.

The EAJA provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

contingency fee agreement between Plaintiff and her counsel. The Magistrate Judge recommended approval of Plaintiff's request for fees pursuant to the EAJA but a reduction of the amount. Upon consideration, the Report and Recommendation is modified as set forth below.

### I.    *Plaintiff's request for fees pursuant to the EAJA*

Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Magistrate Judge evaluated the hours claimed to have been expended by Plaintiff's counsel and recommended that "Plaintiff shall be awarded fees of $7,173.15 for 41.255 hours of work." (Dkt. 33, p. 15). This amount included a $49 increase to the $125 statutory hourly rate cap to $174 based upon Plaintiff's assertion that the cost of living is higher in New York. The Commissioner did not file objections to the Report and Recommendation. Plaintiff objects to the EAJA fee award, stating that "there is too much reduction of attorney work hours" and that "[t]he EAJA application has been reduced to an extreme extent beyond what is a reasonable evaluation of casework." (Dkt. 34, pp. 7-8).

The Magistrate Judge's conclusion that Plaintiff's counsel's hours should be reduced from 91 to 41.255 is correct. The Magistrate Judge appropriately eliminated time Plaintiff's counsel expended in correcting his own errors, work completed at the administrative level and work done to gain admission to appear pro hac vice. Duplicative time entries were also appropriately eliminated. *Powell v. Carey Intern., Inc.*, No. 05-21395-CIV-SEITZ/MCALILEY, 2008 WL 1787218, at * 11 n.24 (S.D. Fla. March 12, 2008) (citing *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla.

3

2002); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 n.2 (M.D. Fla. 2002))

(clerical tasks and duplicative time entries not compensable); *JVC Am., Inc. v. Guardsmark, LLC*, No.

1:05-CV-0681-JCF, 2007 WL 2872454, at *14 (N.D. Ga. Sept. 26, 2007) (time expended on pro hac

vice application discounted); *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) (time

spent correcting one's own errors not reimbursable).[2] The Court also agrees that excessive amounts

of time are claimed to have been spent preparing the summons, complaint and legal memoranda and

should be reduced.  In addition, the Court agrees that counsel's practice of recording time in half-hour

increments warrants a reduction. *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1292-93

(M.D. Fla. 2000) (citations omitted).  Accordingly, the portion of the Report and Recommendation

addressing Plaintiff's request for fees pursuant to the EAJA is adopted, confirmed, and approved in

all respects.

      **II.**     *Plaintiff's request for fees pursuant to 42 U.S.C. § 406(b)*

          **A.**     **Timeliness of Fee Request**

The Commissioner contends that Plaintiff's request for fees pursuant to 42 U.S.C. § 406(b)

is untimely because Plaintiff did not file her fee petition within 14 days after the Court's entry of

judgment on January 4, 2006 as required by Fed. R. Civ. P. 54(d)(2)(B). (Dkt. 20).  Pursuant to Rule

54(d)(2)(B), a claim for attorney's fees must be filed no later than 14 days after entry of judgment and

must specify the statute, rule, or other grounds entitling the movant to the award.  Fed. R. Civ. P.

54(d)(2)(B).

In this case, judgment was entered on January 4, 2006. (Dkt. 20).  Plaintiff filed her motion

---

[2]The Social Security Administration has already awarded Plaintiff's counsel $16,500 for services provided to Plaintiff at the administrative level. (Dkt. 31).

for attorney's fees and costs on January 17, 2006. (Dkt. 22).[3]  However, the motion failed to provide

legal authority in support of Plaintiff's fee request, including citations to the statutes under which she

claimed entitlement to an award of fees. (Dkt. 22).  On March 2, 2007, Plaintiff filed a "Notice of Still

Pending Motion" which attached a memorandum of law indicating for the first time that her fee

request was made pursuant to 42 U.S.C. § 406(b) and the EAJA. (Dkt. 31).[4]

The prescribed time for filing fee petitions pursuant to § 406(b) is unresolved. Although Rule

54(d)(2), Fed. R. Civ. P. requires that a claim for attorney's fees be filed no later than 14 days after

entry of judgment, the applicability of that requirement to § 406(b) claims is difficult where, as here,

benefits are awarded after remand. In that circumstance, the amount of fees cannot be determined

until after past-due benefits are awarded, which ordinarily will not occur within 14 days after entry

of judgment. Fed. R. Civ. P. 54(d)(2); *see also Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp. 2d 921,

922-24 (W.D. Mich. 2007).

In this case, the Social Security Administration issued an award letter to Plaintiff notifying

her of her past-due benefits award on July 3, 2006.  (Dkt. 31).  The Eleventh Circuit has confirmed

that "Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim." *Bergen v. Comm'r of Soc.

Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).  However, the *Bergen* court declined to address the

question of when the 14 day period for filing a fee petition pursuant to 42 U.S.C. § 406(b) begins to

run. *Id.*  The *Bergen* court did note that "the claimants could have avoided the confusion about

---

[3]Plaintiff had previously filed her motion for attorney's fees on October 17, 2006 (Dkt. 17), but the Court deferred ruling on the motion because it was filed prior to entry of judgment and granted Plaintiff leave to re-file the motion. (Dkt. 21).

[4]Plaintiff's initial motion for attorney's fees (Dkt. 17) failed to cite authority. The motion was construed as a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act. (Dkt. 21). Plaintiff's re-filed motion for attorney's fees (Dkt. 22) does not indicate that the motion is brought under both the EAJA and § 406(b).

integrating Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework for a fee award under 42 U.S.C.

§ 406(b) by moving for an extension of the 14 day period described in Fed. R. Civ. P. 54(d)(2)(B)

when the district court reversed their case." *Id.* at 1278 n.2.

Given the lack of authority in the Eleventh Circuit regarding when the 14 day period for filing

a fee petition pursuant to 42 U.S.C. § 406(b) begins to run, in addition to the fact that Plaintiff did file

a motion for attorney's fees, albeit legally deficient, within 14 days after entry of judgment on January

4, 2006, Plaintiff's motion is deemed timely. *See Bentley*, 524 F. Supp. 2d at 924.[5]

**B.      Lack of Contingency Fee Agreement**

The Commissioner argued, and the Magistrate Judge agreed, that under the authority of

*Grisbrecht v. Barnhart*, 535 U.S. 789 (2002), attorney's fees cannot be awarded under 42 U.S.C. §

406(b) in the absence of a contingency fee agreement. In *Grisbrecht*, the Supreme Court addressed

the impact of contingency fee agreements on awards of attorney's fees pursuant to § 406(b). The

Court recognized that attorneys and social security benefit claimants characteristically enter into

contingency fee agreements specifying that the fee will be 25% of past-due benefits. *Id.* at 803. The

Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by

which fees are set for representing Social Security benefits claimants in court. Rather, § 406(b) calls

for court review of such arrangements as an independent check, to assure that they yield reasonable

results in particular cases." *Id.* at 807. Thus, rather than starting with the lodestar method, the

determination of an award of attorney's fees under § 406(b) begins with the contingency fee

_____

[5]The Report and Recommendation does not address the timeliness of Plaintiff's fee request because the
Magistrate Judge found that attorney's fees cannot be awarded under 42 U.S.C. § 406(b) in the absence of a
contingency fee agreement. (Dkt. 33, note 9).

agreement.

Although the Supreme Court recognized the customary use of contingency fee agreements, the court did not address a situation, as here, where no contingency fee agreement was entered into before an award is made. This Court does not agree that *Grisbrecht* prohibits a fee award where there is not a contingency fee agreement. Rather, the lodestar approach applies. "In the absence of a contingent fee agreement, the most useful starting point for determining a reasonable fee is the "lodestar" - the number of hours reasonably expended multiplied by a reasonable hourly rate." *Bentley*, 524 F. Supp. 2d at 925 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433(1983)).

The number of hours reasonably expended by Plaintiff's counsel has already been determined with regard to Plaintiff's request for fees pursuant to the EAJA. Plaintiff's counsel contends that his hourly rate (which is not statutorily capped it is under the EAJA) is $350 per hour. "A reasonable hourly rate is the prevailing rate in the relevant legal community for similar services by lawyers of reasonably comparative skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* An affidavit submitted by the attorney who performed the work, standing alone, is insufficient. *Id.* Satisfactory evidence constitutes direct evidence of rates charged by lawyers under similar circumstances or opinion evidence. *Id.*

In this case, Plaintiff has fails to provide satisfactory evidence, in the form of evidence of rates charged by other lawyers or opinion evidence, that counsel's requested hourly rate of $350 is in line with prevailing market rates. Accordingly, Plaintiff has not satisfied her burden of showing that counsel's hourly rate is reasonable.

7

Moreover, the work performed by counsel was not high quality. As the Magistrate Judge commented:

> Upon cursory review of the memorandum submitted by Plaintiff in support of her request for benefits, it is apparent that its quality does not reflect the time claimed to have been invested in its preparation. It is rife with typographical and grammatical errors. It contains conjecture and hyperbolic editorializations that have no place in a legal memorandum. More importantly, the opposition submitted by Plaintiff's counsel was addressed to the wrong decision, was virtually devoid of citations to legal authorities and stated only in passing the central legal issue that resulted in the reversal and remand ultimately ordered by the Court.

(Dkt. 33, p. 14). Likewise, the memoranda submitted by Plaintiff's counsel related to his request for attorney's fees are poorly written and contain numerous errors. Based on the quality of counsel's work, an hourly rate of $350 is plainly excessive.

Recently, several courts in this district considering fee requests brought pursuant to § 406(b) have found that an hourly rate range of $200 to $250 is reasonable. *Alfaro v. Astrue*, No. 3:99-cv-1152-J-HTS, 2008 WL 816942, at * 2 (M.D. Fla. March 25, 2008); *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008); *Davis v. Astrue*, 533 F. Supp. 2d 1212, 1219 (M.D. Fla. 2007); *Jones v. Astrue*, 533 F. Supp. 2d 1206, 1211 (M.D. Fla. 2007).[6] Considering the quality of counsel's work, approval of a fee at the low end of this range is appropriate. Accordingly, the Court finds that an hourly rate of $200 for counsel's representation of Plaintiff is reasonable. Plaintiff shall be awarded attorney's fees of $8,245.00 for 41.225 hours of work, which shall be reduced by $7,173.15, the amount of her EAJA fee award. *Grisbrecht*, 535 U.S. at 789. Thus, Plaintiff's counsel is entitled

---

[6]"Cases decided since *Grisbrecht* have generally been deferential to the terms of contingent fee contracts, accepting *de facto* hourly rates that exceed those for non-contingent fee cases." *Jones v. Astrue*, No. 3:04cv362/MCR/EMT, 2008 WL 563996 (N.D. Fla. Feb. 28, 2008). Plaintiff's submission of an affidavit signed after the fact stating "I am in agreement that my attorney receive a fee of 25% (twenty-five percent) of my past due benefits" does not constitute a pre-award contingency fee agreement. (Dkt. 36).

to an award of $1,071.85 under 42 U.S.C. § 406(b).

### III.   *Motion to Vacate Taxation of Costs*

The Magistrate Judge correctly found that Plaintiff's request for costs includes items that are

not taxable pursuant to 28 U.S.C. § 1920.[7]  Plaintiff has objected, stating:

> As to the costs for this case, those listed were in fact necessarily obtained for use in
> the case, or they would not be listed here, and $360. is not a large sum. it should be
> approved by court order. To cut it down to $150. is very unrealistic. [sic]

(Dkt. 34, p. 7).

Of the items set forth in Plaintiff's Bill of Costs (Dkt. 23), only Plaintiff's filing fee ($150)

may be taxed pursuant to § 1920.  Plaintiff's special admission fee, delivery and mailing charges,

copying charges (which Plaintiff has not specified were necessarily obtained for use in the case) and

telephone charges are not taxable. *AC Direct, Inc. v. Kemp*, No. 6:06-cv-122-Orl-19UAM, 2008 WL

746839, at *5 (M.D. Fla. March 18, 2008) (itemization of expenses without explanation not taxable);

*Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, Nos. 06-15262, 07-10167, 2008 WL 612672, at *7 (11th

Cir. March 7, 2008) (unspecified copying costs not recoverable); *Dial v. Little Wagon Errand Servs.*,

---

[7]28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

  (1) Fees of the clerk and marshal;
  (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use
      in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
  (5) Docket fees under section 1923 **of this title;**
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and
      costs of special interpretation services under section 1828 **of this title.**

*Inc.*, No. 6:07-cv-1072-Orl-28KRS, 2008 WL 227967, at *5 (M.D. Fla. Jan. 25, 2008) (telephone, postage, and photocopy charges not proven to have been prepared for the court's consideration not recoverable); *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), *aff'd*, 162 F.3d 98 (11th Cir. 1998) (pro hac vice fee not taxable).  Accordingly, the taxation of costs (Dkt. 29) is vacated. Plaintiff is awarded costs of $150.00.

### Conclusion

After careful consideration of the Report and Recommendation and Plaintiff's objections, in conjunction with an independent examination of the file, the Report and Recommendation is modified as set forth herein.  Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 33) is modified as set forth herein and is made a part of this Order for all purposes, including appellate review;

2) Plaintiff's request for attorney's fees and costs (Dkt 22) is **GRANTED in part and DENIED in part**.  Plaintiff is awarded fees of $7,173.15 pursuant to the EAJA and fees of $1,071.85 pursuant to 42 U.S.C. § 406(b), for a total fee award of $8,245.00.

3) The Commissioner's Motion to Vacate Taxation of Costs (Dkt. 30) is **GRANTED**.

4) Costs in the amount of $150.00 are taxed against the Commissioner.

**DONE AND ORDERED** in this __5th__ day of May, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

10